IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

      v.                                        07-cr-153-bbc-01

AMY E. HILL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Amy E. Hill's supervised release was held on July 29, 2011, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Timothy M. O'Shea. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was U.S. Probation Officer Kristin E. Kiel and U.S. Probation Officer Errica Donohoo from the Southern District of Iowa.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on May 23, 2008, following her conviction for possession with intent to distribute more than 50 grams of

cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a). This offense is a Class A felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 33 months, with a 60-month term of supervised release to follow.

Defendant began her term of supervised release on September 1, 2010, in the Southern District of Iowa.

In April 2011, defendant violated Standard Condition No. 1, prohibiting her from leaving the judicial district without permission when she moved without permission from Iowa City, Iowa, in the Southern District of Iowa, to Cedar Rapids, Iowa, in the Northern District of Iowa. Beginning in April 2011, defendant violated Standard Condition No. 3, requiring her to answer truthfully all inquiries by the probation officer, when she did not give accurate information about her relationship with Christopher Taylor. Beginning in September 2010 and continuing until her incarceration, defendant violated Standard Condition No. 9, prohibiting her from associating with any person convicted of a felony, by involving herself in a personal relationship with Chris Taylor, a convicted felon and registered sex offender. Defendant failed to disclose this association on her monthly supervision report forms.

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke

2

supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's Grade C violations warrant revocation.  Accordingly, the 60-month term of supervised release imposed on defendant on May 23, 2008, will be revoked.

Defendant's criminal history category is III.  With Grade C violations and a criminal history category of III, defendant has an advisory guideline term of imprisonment of 5 to 11 months.  The statutory maximum to which defendant can be sentenced upon revocation is five years, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than five years if the offense for which a defendant was sentenced previously was a Class A felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range to hold defendant accountable for her behavior and to protect the community.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 23, 2008, is REVOKED and defendant is sentenced to service of the time necessary to secure a place in a residential reentry center.  A 48-month term of supervised release shall

3

follow. All standard and special conditions of supervised release previously imposed shall remain in effect, with the addition of the following special condition:

> Special Condition No. 5: Spend up to six months in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay her own medical expenses, if any, and is to pay 25% of her gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

Defendant does not have the financial means or earning capacity to pay the cost of her incarceration.

Entered this 29th day of July, 2011.

BY THE COURT:
/s/
Barbara B. Crabb
U.S. District Judge